| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | js-6 |

<u>**CIVIL MINUTES -- GENERAL**</u>

| | |
|---|---|
| Case No.   **CV 16-5796-JFW (KSx)** | Date:  October 4, 2016 |

Title:    Xerox Corporation -v- Surgery Center Management LLC

---

**PRESENT:**

  **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

   On August 4, 2016, Plaintiff Xerox Corporation ("Plaintiff") filed a Complaint against Defendant Surgery Center Management LLC ("Defendant") in this Court, alleging that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

   Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). A limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Although Plaintiff alleged that Defendant is a California limited liability company, Plaintiff failed to allege the citizenship of any of Defendant's members.

   Accordingly, on September 23, 2016, the Court ordered Plaintiff to show cause, in writing, no later than September 30, 2016, why this action should not be dismissed for lack of subject matter jurisdiction. On September 29, 2016, Plaintiff requested additional time to respond to the Order to Show Cause, on the grounds that it had not yet learned the citizenship of any of Defendant's members.

   The Court denies Plaintiff's request for additional time to respond to the Order to Show Cause. Before filing its Complaint and invoking federal jurisdiction, Plaintiff should have discovered all of the facts essential to this Court's jurisdiction and alleged those facts in its Complaint. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

IT IS SO ORDERED.